

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DON H. NGUYEN
Assistant Corporation Counsel
Labor and Employment Law Division
Phone: (212) 356-0839
Fax: (212) 356-2438
dnguyen@law.nyc.gov

June 26, 2015

**By ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St., Rm. 1350
New York, NY 10007

       Re: <u>Sternberg v. New York City Health and Hospitals Corp.</u>
         14 Civ. 1003 (PAC)

Dear Judge Crotty:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for the New York City Health and Hospitals Corporation ("HHC" or "defendant") in the above-referenced action. I write to respond to plaintiff's letter requesting leave to file a Rule 37 motion compelling the deposition of Assistant Vice President of HHC Consuelo Dungca ("Dr. Dungca"). <u>See</u> Dkt. No. 21. Defendant does not oppose plaintiff's request for an extension of the expert discovery deadline.

    Defendant does oppose plaintiff's request to depose Dr. Dungca because her testimony would be peripheral, duplicative, and unduly burdensome upon defendants. Plaintiff is correct that substantial discovery has occurred in this case. To date, defendants have made multiple documentary disclosures, produced considerable ESI, and produced a substantial number of fact witnesses for depositions. There is no basis at this late juncture for defendants to produce Dr. Dungca for a deposition. This point was essentially conceded by plaintiff when the parties reached an agreement that Dr. Dungca would neither be deposed nor called by either party at the time of trial. <u>See</u> Pl. Letter Request, dated June 24, 2015.

    There is no indication that Dr. Dungca had any personal knowledge or input into any decision concerning plaintiff's employment status with HHC. As it concerns the policies that were put into place that "led to the termination of plaintiff's employment," that issue is, as plaintiff sets forth in his letter, peripheral to the issue concerning liability. Extensive testimony has already been given by defendants' witnesses concerning the health guidelines at issue in

- 2 -

2012. Plaintiff has deposed multiple officials, including HHC's Director of Occupational Health Services, the senior associate director of Infection Control (Risk Management), and other witnesses who had knowledge of the facts, circumstances, and occupational health guidelines that plaintiff claims are the basis for a further deposition. Plaintiff is simply seeking peripheral and duplicative testimony from a high ranking HHC official who has not been shown to have any specific knowledge of Dr. Sternberg or his former employment with HHC that has not already been testified to.

For these reasons, defendant opposes plaintiffs request to file a Rule 37 motion to compel the deposition of Dr. Dungca.

Thank you for your consideration of defendant's response.

Respectfully submitted,

*/s/ Don H. Nguyen*

Don H. Nguyen
Assistant Corporation Counsel

cc: (via ECF)
Beranbaum Menken LLP
Attorney for Plaintiff